UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


JOSE PERLATA PAYAMPS,

    Plaintiff,

       v.                                                                      No. 3:17-cv-2008(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____X


**RULING ON PENDING MOTIONS**


    This is an administrative appeal following the denial of the plaintiff, Jose Perlata

Payamps's, application for Title II disability insurance benefits ("DIB").  It is brought pursuant

to 42 U.S.C. § 405(g).[1]  Plaintiff now moves for an order reversing the decision of the

Commissioner of the Social Security Administration (the "Commissioner"), or in the alternative,

an order remanding his case for a rehearing.  [Doc. # 22].  The Commissioner, in turn, has

moved for an order affirming her decision.  [Doc. # 28].  For the reasons set forth below,

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make
findings of fact, and decisions as to the rights of any individual applying for a payment under
[the Act]."  42 U.S.C. §§ 405(b)(1) and 1383(c)(1)(A).  The Commissioner's authority to make
such findings and decisions is delegated to administrative law judges ("ALJs").  *See* 20 C.F.R. §
404.929.  Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council.
*See* 20 C.F.R. § 404.967.  If the appeals council declines review or affirms the ALJ opinion, the
claimant may appeal to the United States district court.  Section 205(g) of the Social Security Act
provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the
record, a judgment affirming, modifying, or reversing the decision of the Commissioner of
Social Security, with or without remanding the cause for a rehearing."  42 U.S.C § 405(g).

Plaintiff's motion is granted and the matter is remanded for additional proceedings consistent with this Ruling.

## PROCEDURAL BACKGROUND

Plaintiff filed his DIB application on October 8, 2014, alleging a disability onset date of August 20, 2014. His claims were denied at both the initial and reconsideration levels. Thereafter, Plaintiff requested a hearing. On February 3, 2017, a hearing was held before administrative law judge I.K. Harrington (the "ALJ"). Plaintiff appeared with an attorney. Plaintiff and a vocational expert ("VE") testified at the hearing. On April 14, 2017, the ALJ issued a decision denying Plaintiff's claim. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. On October 16, 2017, the Appeals Council denied review, making the ALJ's decision the final determination of the Commissioner. This action followed.

## THE ALJ'S DECISION

The ALJ followed the sequential evaluation process for assessing disability claims. [2] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 13). At Step Two, the ALJ found Plaintiff's degenerative disc disease

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment which "meets or equals" an impairment listed in Appendix 1 of the regulations (the Listings). If so, and it meets the durational requirements, the Commissioner will consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if not, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work in the national economy which the claimant can perform. 20 C.F.R. § 404.1520 (a)(4)(i)-(v). The claimant bears the burden of proof on the first four steps, while the Commissioner bears the burden of proof on this last step. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

and diabetes mellitus were severe impairments. (R. 13). At Step Three, the ALJ found these

impairments did not meet or medically equal the severity of one of the listed impairments. (R.

13-14). Next, the ALJ determined Plaintiff retained the following residual functional capacity[3]:

> Plaintiff can perform light work except he is able to frequently balance, stoop,
> kneel, crouch, crawl, and climb ramps and stairs. He is also able to occasionally
> climb ladders, ropes, and scaffolds. He is able to have occasional exposure to
> unprotected heights. He requires using a cane outdoors.

(R. 14-19). At Step Four, the ALJ relied on the testimony of the VE to conclude that Plaintiff is

capable of performing past relevant work as a short order cook or fried order cook. (R. 20).

Accordingly, the ALJ found Plaintiff is not disabled under the Social Security Act.

## LEGAL STANDARD

"A district court reviewing a final . . . decision [of the Commissioner of Social Security]

pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an

appellate function." *Zambrana v. Califano*, 651 F.2d 842 (2d Cir. 1981). "The findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence, [are]

conclusive…." 42 U.S.C. § 405(g). Accordingly, the district court does not make a *de novo*

determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. *Id.*;

*Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the

court's function is to ascertain whether the Commissioner applied the correct legal principles in

reaching her conclusion, and whether the decision is supported by substantial evidence. *Johnson*

*v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). Therefore, absent legal error, a decision of the

Commissioner cannot be set aside if it is supported by substantial evidence. *Berry v. Schweiker*,

675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by

---

[3] Residual functional capacity ("RFC") is the most a claimant can do in a work setting despite his
limitations. 20 C.F.R. § 404.1545(a)(1).

substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the claimant's contrary position. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." *Williams*, 859 F.2d at 258.

## DISCUSSION

Plaintiff seeks remand of this matter, arguing that the RFC the ALJ assessed is unsupported by the evidence of record and is internally inconsistent. Specifically with respect to his inconsistency argument, Plaintiff posits that the limitation to requiring use of a cane outdoors is incompatible with the finding that he can frequently balance and occasionally climb ladders, ropes, and scaffolds. The Court agrees.

In assessing a claimant's RFC, the ALJ must consider objective medical evidence and medical opinions, as well as the claimant's subjective symptoms. *See* 20 C.F.R. § 404.1545(a)(3). An ALJ's RFC assessment should be "proper, not internally inconsistent, and supported by substantial evidence." *Race v. Comm'r of Soc. Sec.*, No. 1:14-CV-1357GTSWBC, 2016 WL 3511779, at *3 (N.D.N.Y. May 24, 2016), *report and recommendation adopted,* No. 1:14-CV-1357, 2016 WL 3512217 (N.D.N.Y. June 22, 2016). Here, there is a discrepancy (or, at the very least, a lack of clarity) within the RFC itself: a claimant who requires use of a cane to ambulate outdoors cannot also frequently balance or occasionally climb ladders, ropes, and scaffolds.

"It is well established that an ALJ's decision must set forth sufficient evidence and rationale in his or her decision to allow the Court to provide meaningful review of his or her

findings." *Crowley v. Berryhill*, No. 1:16-CV-00393-MAT, 2018 WL 5784513, at *3 (W.D.N.Y. Nov. 5, 2018). Thus, remand is appropriate "where … inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Here, the ALJ assessed an RFC that is inconsistent with respect to Plaintiff's functional abilities. In addition, the ALJ's decision does not discuss Plaintiff's functional abilities as related to his need to use a cane outdoors. Thus, the decision lacks clarity and elaboration that would enable the court to reconcile the inconsistently. "If the Court does not know what the RFC finding is, it cannot find that it is supported by substantial evidence." *Crowley*, 2018 WL 5784513, at *3. In *Crowley*, the claimant's RFC stated he could carry up to fifty pounds, and yet never carry more than twenty pounds. *Id.* The court found this was a "fundamental contradiction within the RFC itself" which necessitated remand. *See id.* Likewise, since the Court here is unable to determine what, precisely, the RFC finding is, remand for further administrative proceedings is required. *See also Windom v. Colvin*, No. 6:14-CV-06652(MAT), 2015 WL 8784608 (W.D.N.Y. Dec. 15, 2015) (remanding when the RFC finding was "confusing and arguably internally inconsistent.").

The error is not a harmless one in this case. When the ALJ posed hypotheticals to the VE, the first hypothetical asked whether a person with the ALJ's assessed RFC, without the requirement of the cane, could perform any of Plaintiff's past work. (R. 75). The VE testified that a person with this RFC could perform Plaintiff's past position of short order cook. (*Id.*). The ALJ next asked the VE whether a person with that RFC, plus the limitations to "use of an ambulatory device such as a cane or a crutch occasionally for outdoor use" would be able to perform the short order cook position. (R. 76). The VE said that he would. (*Id.*).

The language in the RFC in the ALJ's decision states Plaintiff "requires using a cane outdoors." (R. 14). The hypothetical posed to the VE inquired as to "occasional" use of a cane

outdoors. It is unclear, how, if at all, or to what extent, the word "occasionally" impacted the VE's response that the person would still be able to perform the position. Thus, the ALJ's failure to assess an internally consistent, clear RFC, and to pose related hypotheticals to the VE is, in this case, reversible error because the Court cannot engage in meaningful judicial review. *See Stellmaszyk v. Berryhill*, No. 16-CV-09609 (DF), 2018 WL 4997515, at *27 (S.D.N.Y. Sept. 28, 2018) (remanding when "a lack of clarity in the Record and a lack of transparency in the ALJ's reasoning deprive the Court of the ability to conduct a meaningful harmless-error review.").

Accordingly, this matter is remanded for further administrative proceedings consistent with this Ruling. Moreover, the Court recommends the parties consider whether utilization of English translation services at the hearing level would result in a more accurate, meaningful information-gathering process.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand is granted and the Commissioner's motion to affirm is denied. This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. *See* 28 U.S.C. § 636(c)(3); Fed.R.Civ.P. 73(c). The Clerk's Office is instructed that, if any party appeals to this Court the decision made after this remand, any subsequent social security appeal is to be assigned to the Magistrate Judge who issued the ruling that remanded the case.

SO ORDERED, this  18th  day of January, 2019 at Bridgeport, Connecticut.

_____/s/ William I. Garfinkel_____
WILLIAM I. GARFINKEL
United States Magistrate Judge